
RECEIVED
IN LAKE CHARLES, LA
APR 26 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 6:16CR00023-01 |
| VS. | : | JUDGE MINALDI |
| DOUGLAS J. DUGAS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the defendant's appeal (Rec. Doc. 15) of the Magistrate Judge's Order of Pretrial Detention (rec. Doc. 21). The government filed a Response In Opposition (Rec. Doc. 24).

A detention hearing was held before Magistrate Judge Patrick Hanna on February 26, 2016. In the appeal of the Magistrate Judge's ruling, the defense mischaracterizes the substance of the detention ruling. The defense alleges that the pretrial detention was "premised on the possibility of his presence on release would attract violence by other persons in which the defendant's family members may be harmed, not based upon a finding that defendant himself was a danger to the community." (Appeal, p. 1). While this was a part of the Magistrate Judge's reasoning, it was only a small part. The actual ruling, in its entirety, is as follows:

> All right. As I said when we started this whole process, the Bail Reform Act governs these proceedings. 18 U.S.C, section 3142. It creates a rebuttable presumption if there is probable cause to believe that the defendant has committed a crime for which a sentence of ten years or more is called for by the Controlled Substances Act. The grand jury, having indicted the Defendant on possession with intent to distribute a controlled substance, carries a penalty of up to twenty, possibly thirty years. So that has -- that aspect of the task has been accomplished by the grand jury and the indictment.
>
> That gives rise to a rebuttable presumption that there are, there is no condition or

combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community, taking into account the available information concerning the following: (1), the nature and circumstance of the offense charged, including whether the offense is a crime of violence, involves controlled substances, firearms.

So even though possession of a weapon by a convicted felon and possession of a stolen weapon are not considered crimes of violence, they are crimes involving a firearm, given that at the time of the arrest, the firearms were part and parcel of the package which contained the controlled substance, all of which form the allegations in the indictment. So factor number 1 weighs in favor of detention.

The weight of the evidence against the person. While it's not the best I have heard, it is, it is certainly enough to sustain a conviction. And so that would also weigh in favor of detention.

Number 3 has two parts. The second part -- the 3 is: The history and characteristics of the person, including -- and then there's two parts. The second part is whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law. As it turns out, Mr. Dugas was on parole at the time of the offense, and that parole had in fact been previously revoked, reinstated, and was to be completed later in 2015. So that subpart of number 3 also weighs in favor of detention. So at this point, there are three factors in favor of detention.

The next subpart of number 3 is: The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance -- concerning appearance at court proceedings. So I want to take those one at a time because this has been one of the more difficult decisions of many that I have had this week, given the support of this family for this Defendant.

His family ties are very strong. His employment is basically nonexistent. And I don't really know what this gentleman has been doing since 2015 when this incident occurred. So I don't know what his financial resources are.

Length of residence in the community and his community ties. Those are against detention. But his past conduct and his history relating to drug abuse and his criminal history all are to the counter. So let's just assume that I say that all of 3(A) militates against detention. Which I'm not saying.

The last one is the nature and seriousness of the danger to any person or the community that would be posed by his release. And here is where I am in total anguish in this case. Mr. Dugas himself, perhaps admirably, detached himself from his family because of the danger of his very presence. The gang-related violence has not gone away. It's still here today. We all know that.

If I were to put Mr. Dugas on home incarceration where he is essentially trapped in a place with his sister, his mother, and minor children, I'm inviting danger to that location by virtue of his very presence; and that troubles me greatly. But that is the task that I am called upon to decide. And because that factor is as strong as it is and because this Court perceives that the danger is real and extreme, I just can't do it. And I'm very sorry. (Transcript, pp. 69-72).

## Law

When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release. *United States v. Rueben*, 974 F.2d 580, 585-86 (5th Cir. 1992); *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir.1985). This court as reviewed the transcript of the detention hearing before Magistrate Judge Hanna, as well as the briefs by the parties, and finds that there is adequate support for pretrial detention of this defendant.

Under the Bail Reform Act, the existence of probable cause to believe that the defendant committed a crime in violation of 21 U.S.C. § 801, *et seq.,* creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). When the defendant has presented considerable evidence of his longstanding ties to the locality in which he faces trial, the presumption of flight has been rebutted. *United States v. Jackson,* 845 F.2d 1262, 1266 (5th Cir.1988). The risk of continued narcotics trafficking on bail does constitute a risk to the community. *Hare,* 873 F.2d at 798 (citing *United States v. Hawkins,* 617 F.2d 59 (5th Cir.), *cert. denied,* 449 U.S. 952, 101 S.Ct. 355, 66

L.Ed.2d 215 (1980)). For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance, *or the safety of others or the community*, is sufficient; both are not required. *Hare,* 873 F.2d at 799; *Fortna,* 769 F.2d at 249 (emphasis added).

§ 3142(e) shifts to the defendant only the burden of producing rebutting evidence, not the burden of persuasion; however, the mere production of evidence does not completely rebut the presumption. *Hare,* 873 F.2d at 798. In making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society. *Id.* at 798–99.

Section 3142(g) lists factors the judicial officer considers in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community. These include the nature and circumstances of the offense charged, including whether the offense involves a narcotic drug; the weight of the evidence against the person; the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *United States v. Rueben,* 974 F.2d 580, 586 (5th Cir. 1992).

Analysis

The Magistrate Judge's finding in favor of detention was based on several factors, including:

1) The introduction of evidence tying the defendant to a bag that contained drugs and a gun;

2) Dugas was on parole at the time of this alleged offense; and

3) His past conduct and history relating to drug abuse and criminal history.

The factor mitigating against detention was the defendant's strong family ties. Yet, in conjunction with the testimony about his family ties, it was apparent that Dugas was minimizing his contact with his family because of perceived threats to their safety because of gang-related violence.

18 U.S.C. §3142(f) states that the "judicial officer shall hold hearing to determine whether any condition or combination of conditions set forth in subsection ©) of this section will reasonable assure that appearance of such person as require *and the safety of any other person and the community.*" (Emphasis added). §3142(g)(4) instructs the court to consider evidence of "the nature and seriousness of the danger *to any person or the community...*" (Emphasis added). Nowhere in the statute does it require that the defendant be the threat of danger versus cause of the danger. The testimony was clear that Dugas's family trust him. It is equally clear that he has a history of violent behavior and those in his association may be in danger because of gang activity.

> (A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
>
> (B) an offense for which the maximum sentence is life imprisonment or death;
>
> ©) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S .C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or chapter 705 of title 46;
>
> (D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through ©) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through ©) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

> (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of Title 18, United States Code 18 U.S.C. § 3142(f)(1).

Thus, after *Himler,* the Congress added to subsection (f)(1) cases involving felonies involving the possession of firearms. The statute also sets forth situations in which detention pending trial is presumed to be warranted. 18 U.S.C. § 3142(e).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, an offense under section 924©), 956(a), or 2332b of this title, or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed or an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title. 18 U.S.C.A. § 3142(e).

Thus, *Himler* can be distinguished. *Himler* did not involve an offender charged with an offense that triggered the rebuttable presumption but rather involved a motion for detention based upon risk of flight. *Himler,* 797 F.2d at 158. The statute in effect when *Himler* was decided and the fact that *Himler* did not involve a rebuttable presumption distinguishes it from the instant case. *United States v. Bass*, No. CRIM 07 232 SRC, 2007 WL 2416437, at *2 (D.N.J. Aug. 20, 2007).

The record shows that there is a danger of recidivism namely, drug trafficking or possession of firearms. The defendant has prior drug convictions and is alleged to have committed offense involving firearms. Therefore, even under *Himler,* detention is warranted.

The evidence submitted through the testimony of Agent Herman, as well as the defendant's own witnesses, established that Dugas was involved in one drive-by shooting and that acts of violence seem to follow Dugas. Magistrate Judge Hanna recognized that Dugas' release would pose a possible threat to his family members with whom he would live.

The defendant failed to rebut the presumption in favor of his detention. Accordingly, the judgment of the Magistrate Judge will be affirmed.

Lake Charles, Louisiana, this 12 day of April, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE