UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:16-cr-00023-01 |
| VERSUS | JUDGE MINALDI |
| DOUGLAS DUGAS | MAGISTRATE JUDGE HANNA |

a/k/a Dut
a/k/a DI
a/k/a DI Blow

**RULING ON MOTION**

Currently pending is the defendant's motion for reconsideration of the Court's order of detention. (Rec. Doc. 45). The Government opposes the motion. (Rec. Doc. 48). For the following reasons, the motion is denied.

**Background**

The defendant, Douglas Dugas, was indicted on February 18, 2016, and charged with possession with intent to distribute a controlled substance, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. (Rec. Doc. 1). On February 26, 2016, the defendant had his initial appearance before the undersigned Magistrate Judge, and a detention hearing was held. (Rec. Doc. 17). The defendant was ordered detained. (Rec. Doc. 21). The defendant appealed the detention order to the District Court (Rec. Doc. 15), and the

District Judge affirmed the detention order.  (Rec. Doc. 43).  The defendant then filed the instant motion for reconsideration of the detention order.

## Analysis

Under the Bail Reform Act, the existence of probable cause that the defendant committed an offense or offenses under the Controlled Substances Act punishable by ten years or more in prison creates a rebuttable presumption that there are no conditions or combination of conditions that can reasonably assure the defendant's presence at trial or the safety of the community. 18 U.S.C. § 3142(e)(3)(A).  In addition, the presumption arises if the defendant is charged with violation of 18 U.S.C. § 924(c).  18 U.S.C. 3142(e)(3)(B).  In this case, the defendant was indicted by the Grand Jury in Count One with violation of the Controlled Substances Act and in Count Two with a violation of 18 U.S.C. 924(c).  Accordingly, this Court found at the detention hearing, that there is a presumption that there are no conditions or combination of conditions that can reasonably assure the safety of the community.

In an effort to rebut the presumption, the defendant called multiple witnesses who were willing to serve as third-party custodians - including two of the same people who are  identified as willing third-party custodians in the instant motion.  In considering the  relevant factors under §3142(g), the Court found that the defendant had not rebutted the presumption primarily because of the "nature and seriousness of

the danger to any person or the community that would be posed by the person's release".  18 U.S.C. 3142(g)(4).  In particular, this Court noted that the defendant "detached himself from his family because of the danger of his very presence" and that the "gang-related violence has not gone away." (Rec. Doc. 25 at 71).  This Court further noted that placing the defendant in a third-party custodial situation would be "inviting danger to that location by virtue of his [the defendant's] very presence." (Rec. Doc. 25 at 71).  Indeed, "this Court perceives that the danger is real and extreme." (Rec. Doc. 25 at 72-72).  In its memorandum ruling affirming this Court's detention order, the District Court noted that the defendant's "release would pose a possible threat to his family members with whom he would live.  The defendant failed to rebut the presumption in favor of his detention." (Rec. Doc. 42 at 7).

Detention may be reconsidered at any time before trial if new and material evidence becomes available.  18 U.S.C. § 3142(f)(2)(B).  However, there is nothing in the defendant's motion for reconsideration or in his argument supporting that motion that rebuts the presumption.  The only new arguments presented are that Delony Moore (whose car the defendant was driving at the time of the alleged offense) would also be willing to serve as the defendant's custodian and that the children of the other individuals would be placed in day care rather than stay at the same location where the defendant would be required to stay if he was released.

-3-

While this Court has doubt that this information was not known to the defendant at the time of the original hearing, it does not have "a material bearing on the issue of whether there are conditions of release that will reasonably assure the . . . safety of any other person and the community."  Even if Ms. Moore were an appropriate custodian, her willingness to serve as a custodian does not negate this Court's finding regarding the danger to the community that would be created by the defendant's release.  It was also argued that the defendant could work for his father during the day and spend the evenings with Ms. Moore who has no children. That argument is not availing because the danger would still exist. This Court specifically finds that the defendant's allegations that Ms. Moore lives in a gated community and has no children do not rebut the presumption.  Accordingly,

IT IS ORDERED that the defendant's motion to reconsider the Court's detention order (Rec. Doc. 45) is DENIED.

Signed at Lafayette, Louisiana on June 7, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE