UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 6:16-cr-00023-01 |
| VERSUS | JUDGE MINALDI |
| DOUGLAS DUGAS<br>    a/k/a Dut<br>    a/k/a DI<br>    a/k/a DI Blow | MAGISTRATE JUDGE HANNA |

## RULING ON MOTION

Currently pending is the defendant's third motion to compel discovery, as amended. (Rec. Docs. 55, 56). The Government opposes the motion. (Rec. Doc. 57). For the following reasons, the motion is denied.

## BACKGROUND

The defendant has been indicted on three counts which include Possession with Intent to Distribute a Controlled Dangerous Substance (cocaine), Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Possession of a Firearm by a Convicted Felon. (Rec. Doc. 1). The record reflects the charges arose out of an attempted traffic stop and subsequent pursuit of the defendant conducted by the Lafayette City Police Department. (Rec. Doc. 25, pp.5-7). When the pursuit was called off, as officers searched for the vehicle in question, law enforcement was notified by a private citizen at a local Daquiri Supreme that he had found a brown bag

outside of the establishment. (Id., p. 8). Inside the brown bag, later identified as a backpack, was a loaded handgun, a small amount of marijuana, approximately 23 grams of crack cocaine, some cash and a cell phone. (Id.) That evidence forms the basis for the charges in the indictment.

The defendant, in this third motion to compel, seeks to compel the government to produce three types of evidence, each of which will be considered in turn.

### 1. DNA ANALYSIS OF THE BACKPACK

The Government contends that the defendant threw the backpack out of his vehicle where it was found by the Daiquiri Supreme employee. The defendant now seeks to have the Government swab the backpack's shoulder straps and handle for potential DNA evidence and submit the swabs to the crime lab for analysis. The defendant offered no statutory or jurisprudential authority for this request.

The Government argued, in opposition to the motion, that the backpack is available for independent testing by the defendant and that the Government has no duty to conduct the defendant's investigation for him. This Court finds the Government's argument to be persuasive, especially in light of the defendant's failure to provide any authority in support of his motion.

In *Brady v. Maryland*, the United States Supreme Court decided that the Government has an "affirmative duty. . . to produce at the appropriate time requested

evidence which is materially favorable to the accused either as direct or impeaching evidence."[1]  *Brady* does not require the government to conduct a defendant's investigation or to assist in the presentation of the defense's case.[2]  Similarly, *Brady* "does not impose an affirmative duty upon the government to take action to discover information which it does not possess."[3]

The Government stated, in its brief, that the backpack is available to the defendant for analysis. The defendant admitted, in his brief, that he has already had access to the backpack but has apparently not done his own analysis. While the defendant is free to conduct DNA testing of the backpack shoulder taaps and handle if he believes it appropriate, the Government has no duty to do so on his request. Accordingly, with regard to the request for DNA testing of the backpack, the motion will be denied.

**2.    DNA ANALYSIS OF THE PERSONS IN THE CHAIN OF CUSTODY**

---

[1] *United Sates v. Beaver*, 524 F.2d 963, 966 (5th Cir. 1975), cert. denied 425 U.S. 905 (1976) (quoting *Williams v. Dutton*, 400 F.2d 797, 800 (5th Cir. 1968), cert. denied, 393 U.S. 1105 (1969)).

[2] *United States v. O'Keefe*, 119 Fed. App' x 589, 592 (5th Cir. 2004); *United States v. Aubin*, 87 F.3d 141, 148 (5th Cir. 1996); *United States v. Marrero*, 904 F.2d 251, 261 (5th Cir.), cert. denied, 498 U.S. 1000 (1990).

[3] *United States v. Beaver*, 524 F.2d at 966.

The defendant's second request is that the Government have all of the persons on the backpack's chain of custody list swabbed and their DNA tested by the crime lab.  Again, the defendant offered no statutory or jurisprudential authority for this request.  The defendant suggests that the evidence may have been "tainted" when it was handled by the individuals listed in the chain of custody. The Court fails to comprehend how traces of DNA of the individuals identified in the chain of custody on the backpack straps and/or handle equates to any suggestion of the evidence being tainted.  The Government's burden is to show that the defendant was in possession of certain contents of the backpack - the handgun and the crack cocaine.  Who in the chain of custody physically handled the backpack itself after it was found by the Daquiri Supreme employee is not probative of whether the defendant was in possession of these items of evidence before the backpack was found.  Furthermore, this Court finds, for the reasons set forth above, that the Government has no obligation to obtain the requested DNA information.  Accordingly, the defendant's request for DNA analysis of the persons on the chain of custody list for the backpack will be denied.

    3.    **C**ONTACT **I**NFORMATION FOR THE **D**AIQUIRI **S**UPREME **E**MPLOYEE

The final item requested by the defendant is the contact information for the Daiquiri Supreme employee who allegedly found the backpack after the defendant

allegedly threw it out of his vehicle during the police chase.  The defendant claims to have this person's name – Jake Michael Hebert – but he contends that the Government is withholding Mr. Hebert's contact information.  In an earlier motion, the defendant requested the disclosure of the identities of cooperating witnesses, and this Court denied that request (Rec. Doc. 46 at 4), stating that a defendant has no right to pretrial discovery of witnesses in non-capital cases and noting that there is no mechanism for the production of witness lists in the relevant procedural rules.  This Court interprets the defendant's request for Mr. Hebert's contact information as a reiteration of the request that was previously denied.  The defendant offered no statutory or jurisprudential authority for reconsideration of the request.  This request will be denied.

## CONCLUSION

All of the requests for additional discovery that were made in the defendant's third motion to compel, as amended (Rec. Docs. 55, 56) are for materials that the Government has no obligation to produce.  Accordingly, the motion is DENIED.

Signed at Lafayette, Louisiana on June 22, 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE